**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 23-mc-23496-ALTONAGA/DAMIAN

IN RE APPLICATION OF
DEPARTMENT OF HOMELAND
SECURITY, IMMIGRATION AND
CUSTOMS ENFORCEMENT,

      Petitioner

vs.

BALRAM KARMCHAND RAMSUKH,

      Respondent.

_____/

**ORDER GRANTING EMERGENCY PETITION FOR ENTRY OF COURT ORDER**
**PERMITTING INVOLUNTARY LABORATORY TESTS, BLOOD DRAWS,**
**URINALYSIS, DAILY WEIGH-INS WITH VITAL SIGNS, AND ROUTINE**
**MEDICAL EXAMINATIONS TO MONITOR AND MANAGE HUNGER STRIKE**

THIS MATTER is before the Court upon the Department of Homeland Security,

Immigration and Customs Enforcement's ("ICE") Emergency Petition for Entry of Court

Order Permitting Involuntary Laboratory Tests, Blood Draws, Urinalysis, Daily Weigh-Ins

with Vital Signs, and Routine Medical Examinations to Monitor and Manage Hunger Strike,

[ECF No. 1 (the "Petition")], filed September 13, 2023.[1]

---

[1] This matter is before the undersigned on an Order of Referral entered by the Honorable
Cecilia M. Altonaga, Chief United States District Judge, referring ICE's Petition to the
undersigned to take all necessary and proper actions as required by law [ECF No. 3]. *See* 28

The Court has thoroughly reviewed the record in this matter, which includes the Declaration of Paul Swartz, Assistant Field Office Director [ECF Nos. 1-1; 4-1], the Declaration of Luis Ortega, M.D., a Family Medicine physician serving as the Clinical Director of the Krome Service Processing Center in Miami, Florida [ECF No. 1-2], and an accompanying memorandum of law [ECF No. 1-5]. The Court finds that an emergency condition exists because the refusal of Respondent, Balram Karmchand Ramsukh ("Respondent"), to voluntarily obtain adequate nutrition and hydration, or consent to any medical assessment evaluation, has caused a significant risk of harm to his physical condition, especially in light of a reported history of bone marrow cancer. The Court further finds, based on Dr. Ortega's Declaration, that involuntary laboratory testing, including blood draws, urinalysis, daily weigh-ins with vital signs, and other routine medical examinations to monitor and manage Respondent's hunger strike, are medically necessary to accurately assess the state of Respondent's health and make determinations as to whether immediate medical intervention is necessary to preserve the life of Respondent.

The Court further finds there is a need to take immediate action pending any challenge by Respondent to ICE's institution of this suit. Therefore, it is

**ORDERED AND ADJUDGED** that ICE's Petition is **GRANTED** as further provided in this Order.

First, ICE is authorized, through competent medical authority, including Larkin Community Hospital and any of its staff physicians, to perform involuntary laboratory testing, including blood draws, urinalysis, daily weigh-ins with vital signs, and other routine

---

U.S.C. § 636(b)(1)(A).

medical examinations deemed medically necessary on Respondent to monitor and manage his hunger strike.

Second, ICE is authorized, through competent medical authority, including Larkin Community Hospital and any of its staff physicians, to use medical soft restraints on Respondent if he attempts or asserts that he intends to resist laboratory testing, including blood draws, urinalysis, daily weigh-ins with vital signs, and other routine medical examinations.

Third, the Court orders ICE to file a Notice by 10:00 AM on September 15, 2023, informing the Court whether Respondent has counsel representing him regarding this issue (*i.e.*, compelled medical observation and testing). If Respondent does not have counsel regarding this issue, ICE must include a memorandum of law on the issue of whether Respondent is entitled to court-appointed attorneys to represent him regarding the issue of compelled medical observation and testing and, foreseeably, compelled feeding and hydration.

If, in the professional medical judgment of Respondent's treating physician, Respondent's hunger strike has jeopardized his health such that serious bodily harm or permanent damage to his health is likely to occur and that involuntary administration of hydration and/or nutrients to Respondent, by way of an intravenous line and/or nasogastric tube, is medically necessary, ICE shall advise the Court of the same with a renewed petition and supporting materials prior to the expiration of this Order.

**This Order shall remain in effect until October 13, 2023.**

The Court notices this matter for a hearing on **September 18, 2023, at 2:00 PM** via ZOOM teleconferencing. Respondent must be present for this hearing via ZOOM. The Court

will provide the ZOOM information by separate order, and ICE is to make all necessary arrangements to have Respondent present via ZOOM.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of September 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:      Cecilia M. Altonaga, *Chief United States District Judge*
                Respondent, Balram Karmchand Ramsukh

4