**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 23-mc-23496-ALTONAGA/DAMIAN

IN RE APPLICATION OF
DEPARTMENT OF HOMELAND
SECURITY, IMMIGRATION AND
CUSTOMS ENFORCEMENT,

       Petitioner

vs.

BALRAM KARMCHAND RAMSUKH,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon Respondent, Balram Karmchand Ramsukh's, Emergency Counterclaim against Petitioner, the Department of Homeland Security, Immigration and Customs Enforcement's ("ICE") [ECF No. 11 (the "Emergency Counterclaim")], Motion to Amend Emergency Counterclaim [ECF No. 12 (the "Motion to Amend")], and Emergency Counterclaim Amendment, Notice of Harm and Order of Injunction [ECF No. 14 (the "Emergency Counterclaim Amendment")].[1]

Respondent filed his Emergency Counterclaim on September 21, 2023, following the entry of this Court's Order granting ICE's Emergency Petition for Court Order Permitting

_____

[1] This matter is before the undersigned on an Order of Referral entered by the Honorable Cecilia M. Altonaga, Chief United States District Judge, referring Respondent's filings to the undersigned to take all necessary and proper actions as required by law [ECF No. 13]. *See* 28 U.S.C. § 636(b)(1)(A).

Involuntary Laboratory Tests, Blood Draws, Urinalysis, Daily Weigh-Ins with Vital Signs, and Routine Medical Examinations to Monitor and Manage Hunger Strike, filed September 13, 2023. *See* [ECF Nos. 1 (the "Emergency Petition"), 6]. Respondent then filed his Motion to Amend and Emergency Counterclaim Amendment on September 25 and 26, 2023, respectively. [ECF Nos. 12, 14].

The Emergency Counterclaim, Motion to Amend, and Emergency Amendment all ostensibly argue the same thing: Respondent challenges his detention by ICE on jurisdictional grounds, contending that he is being unlawfully detained because ICE, acting as an agency of the United States government, is a corporation and has not provided a valid contract or commercial agreement that confers jurisdiction over Respondent. *See, e.g.*, ECF Nos. 11 at 1–2, 12 at 2–3, 14 at 3. His myriad of filings append documents purporting to establish Respondent as a "secured party creditor," "holder in due course," "American State National," and "Florida State National." In his latest filing, the Emergency Amendment, Respondent claims that by granting the Emergency Petition, the Court forced him to contract with ICE, and, therefore, the Court is liable to him for damages. [ECF No. at 4]. He attached handwritten invoices directed to this Court and ICE and further commanded the Court to halt his pending deportation proceedings. *See* ECF No. 14 at 5–12. Failure to pay the invoices or halt the deportation proceedings, Respondent argues, will result in further legal actions in "a higher court," where Respondent "will be pointing out the flaws and errors and conspiracy in this Court." [ECF No. 14 at 7].

It appears that Respondent subscribes to what is known as the "Sovereign Citizen Movement." "So-called sovereign citizens believe that as 'natural humans' (or sovereigns) they are 'not subject to government authority and employ various tactics in an attempt to,

among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings.'"
*Young v. PNC Bank, N.A.*, No. 3:16CV298/RV/EMT, 2018 WL 1251920, at *2 (N.D. Fla.
Mar. 12, 2018) (quoting *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011)).

While Respondent does not expressly identify himself as a "sovereign citizen," his
filings bear all the hallmarks of the sovereign citizen theory, as alluded to by the designations
above, such as "American State National" or "secured party creditor." *See, e.g.*, *United States
v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (noting that a court should summarily reject
arguments that a person is beyond a court's jurisdiction because he is a "sovereign citizen,"
"secured-party creditor," or "flesh-and-blood human being").

Having reviewed the filings carefully, the undersigned concludes Respondent's claims
are frivolous. "A claim is frivolous if and only if it 'lacks an arguable basis either in law or in
fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490
U.S. 319, 327 (1989)); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). ("[A] court may
dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category
encompassing allegations that are fanciful, fantastic, and delusional." (citations and internal
quotation marks omitted)). Courts have consistently rejected "sovereign citizen" arguments
as outlandish and bizarre legal theories. *See, e.g.*, *Trevino v. Fla.*, 687 F. App'x 861 (11th Cir.
2017) (concluding "[appellant's] legal arguments, including that Florida has no jurisdiction
over him because he is a 'natural born, free . . . [l]iving, breathing, flesh and blood human
[being]' and that he must be released [from detention] because Florida breached a security
agreement with him, are frivolous." (second and third alterations in original)); *United States v.
Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (observing that courts routinely reject

sovereign citizen legal theories as "frivolous"); *Roach v. Arrisi*, No. 8:15-CV-2547-T-33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016) ("After reviewing the Complaint liberally, as this Court must in light of [plaintiff's] pro se status, the Court determines this action should be dismissed. The Complaint simply fails to state a cause of action. [Plaintiff's] incoherent Complaint is a frivolous sovereign citizen claim."); *Muhammad v. Smith*, No. 3:13-CV-760 MAD/DEP, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) (observing sovereign citizen arguments have not only been rejected by the courts but also recognized as "frivolous" and "a waste of court resources," which are being "paid for by hard-earned tax dollars." (quoting *Barber v. Countrywide Home Loans, Inc.*, No. 2:09-CV-40-GCM, 2010 WL 398915, at *4 (W.D.N.C. Jan. 25, 2010))).

Importantly, even if Respondent's arguments had merit, the proceeding here involves only a narrow issue: the risk of injury and/or death resulting from Respondent's hunger strike and refusal to allow medical examinations. Any other matter is outside the Court's jurisdiction. If Respondent seeks to challenge his detention, habeas corpus, not the instant proceeding, is the proper avenue. And Respondent has already initiated such an action. *See Ramsukh v. Martinez, et al.*, Civ. No. 1:23-cv-23302-SMITH (S.D. Fla.).

Accordingly, for the reasons set forth above, it is the recommendation of the undersigned that the Court strike Respondent's Emergency Counterclaim [ECF No. 11], deny his Motion to Amend [ECF No. 12], and strike the Emergency Counterclaim Amendment [ECF No. 14].

The parties will have fourteen (14) calendar days from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a de novo determination

by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

      **RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 28<u>th</u> day of September 2023.

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:    Cecilia M. Altonaga, *Chief United States District Judge*
               Respondent, Balram Karmchand Ramsukh